IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON ZINN HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00686-JPG |
| | ) |
| BRIAN BENNETT, | ) |
| JILL MOORE, | ) |
| and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court for case management. Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 by filing a complaint on July 14, 2020. (Doc. 1). Pursuant to 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The Court cannot screen this matter until Plaintiff addresses several threshold issues.

### The Complaint

First, the Court will only screen one complaint at a time. Since July 14, 2020, Plaintiff has filed numerous versions, in the form of amendments, supplements, replacements, and/or exhibits. (*See* Docs. 1, 9, 13, 14, 16, and 17). The Court does not accept piecemeal amendments to a complaint, and all of these documents represent just that. A complaint must stand on its own without reference to any other document. Therefore, Plaintiff is **ORDERED** to do one of the following on or before **AUGUST 15, 2020**: (1) notify the Court, in writing, which of these

1

documents he intends to use as the operative complaint; or (2) file an amended complaint to replace all prior versions.[1]  Plaintiff's Motion for Leave to File Recent Grievances (Doc. 17) is **DENIED** without prejudice to resubmission of these documents as exhibits to an amended complaint.  The Clerk's Office is **DIRECTED** to provide Plaintiff with a blank civil rights complaint form and copies of Documents 1, 9, 13, 14, 16, and 17 for use in making this decision.  Failure to comply with this Order by August 15, 2020, shall result in dismissal of all versions of the complaint and this action for failure to follow a court order and/or prosecute his claims.  *See* FED. R. CIV. P. 41(b).

## Motions for Recruitment of Counsel

Second, Plaintiff's Motions for Recruitment of Counsel (Docs. 3 and 11) are **DENIED** without prejudice.  There is no constitutional or statutory right to counsel in federal civil cases.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).  However, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Id*.  When considering a request, the district court must consider, first, whether the plaintiff has made reasonable attempts to secure counsel and, if so, "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).

Plaintiff has not demonstrated reasonable efforts to find counsel.  In his first motion, Plaintiff offered no description of his efforts. (*See* Doc. 3).  In the second motion, Plaintiff lists the names of attorneys he contacted about representation, but he provides no other information (*e.g.*, dates of contacts, copies of communications, or descriptions of communications/responses).

---

[1] An amended complaint will supersede and replace all prior versions (Docs. 1, 9, 13, 14, 16, and 17) and render them void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, Plaintiff should carefully select and file all documents he wishes to include with a single amended complaint.

Moreover, the Court is not convinced that Plaintiff requires the assistance of counsel in this case. He cites a limited education and attention deficient hyperactivity disorder (ADHD) as his only impediments. These impediments have not prevented Plaintiff from competently representing himself in this matter thus far. Plaintiff's complaint and other filings are well-drafted, organized, and coherent. He simply needs to select a *single* complaint for filing in this case. By all indications, Plaintiff appears capable of doing so and otherwise litigating his claims without the assistance of an attorney. Should the need arise as this case proceeds, however, Plaintiff may renew his request for counsel by filing a new motion at any time during the pending action.

### Motion for Court Order

Finally, Plaintiff's Motion for Court Order (Doc. 15) is **DENIED**. Plaintiff is under the impression that his legal mail is not reaching the Court because Brian Bennett has refused to provide him with free postage and he cannot afford to buy stamps. The Court has received a steady stream of mail from Plaintiff, consisting of multiple filings weekly that are frequently duplicative. Given this, the Court finds no basis for granting Plaintiff's request at this time. The Clerk's Office is **DIRECTED** to provide Plaintiff with a courtesy copy of the docket sheet, so that he may review it and determine whether he needs to resubmit any documents to the court.

Plaintiff also seeks a court order requiring Jill Moore to provide him with a copy of his medical records. Given that this case was recently filed and has not yet been screened, the Court also denies this request. Should this matter survive Section 1915A review, the Court will enter a scheduling order that provides instructions and deadlines for obtaining this information. Until then, the request is **DENIED**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED: 7/30/2020**

                                        s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **United States District Judge**