### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON ZINN HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 20-cv-686-NJR |
| | ) |
| BRIAN BENNETT, JILL MOORE, and | ) |
| JOHN DOE PHYSICIAN ASSISTANT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Shannon Zinn Hale, a pretrial detainee at Saline County Detention Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Amended Complaint (Doc. 32). Hale alleges Defendants improperly treated his broken ribs and autoimmune disease and denied him access to his medications; he seeks monetary damages.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Amended Complaint**

Hale makes the following allegations in the Amended Complaint (Doc. 32): Upon entering Saline County Detention Center ("SCDC"), Hale informed an officer at intake that he was on medication for anxiety and insomnia, had possible broken ribs that were painful, and had an autoimmune disease (Doc. 32, p. 10). He later spoke to Nurse Jill Moore about his issues. He told her about his possible broken ribs and requested an x-ray (*Id*. at p. 11). Although he requested pain medication for his ribs, she only provided him with Tylenol, which did not alleviate his pain. He later told her the medication was not working, but she did not provide him with any further pain medications. She also refused his request for an x-ray.

He also informed Moore that he was previously diagnosed with an autoimmune disease although he did not know the name of the disease (Doc. 32, p. 11). He had a previously scheduled appointment to determine the actual disease but missed the appointment (*Id*. at p. 12). He asked for a blood test to determine the nature of his disease, but she did not help him. He also told her that prior to his arrival at the SCDC, he was taking medication for anxiety. Although he gave her the name of his pharmacy and prescribing doctor information, she did not provide him with his prescribed medication (*Id*.).

Hale later saw the John Doe physician assistant and asked for his prescribed medication, an x-ray for his ribs, as well as testing to determine the nature of his autoimmune disease (Doc. 32, p. 12-13). John Doe refused to provide Hale with his name and refused to document Hale's requests (*Id*. at p. 13).

Hale wrote a grievance to Brian Bennett about his improper medical treatment (Doc. 32, p. 13). Although he wrote several grievances directed to Bennett, he never received a response (*Id*.).

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

**Count 1:** Jill Moore, John Doe Physician Assistant, and Brian Bennett were objectively unreasonable in treating and diagnosing Plaintiff's autoimmune disease and broken ribs, as well as failed to provide him with his medication, in violation of the Fourteenth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

As Hale is a pretrial detainee; his claim arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013); *Weiss v. Cooley,* 230 F.3d 1027, 1032 (7th Cir. 2000). A standard of objective reasonableness, rather than deliberate indifference, governs medical claims under the Fourteenth Amendment's Due Process Clause. *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018)). As this stage, Hale alleges a viable claim against Jill Moore, John Doe Physician Assistant, and Brian Bennett for their treatment of his injured ribs and in denying him prescribed medications as well as testing and treatment for his autoimmune disease.

To help identify the unknown physician assistant, the Court **ADDS** the Saline County Sheriff (official capacity only) for purposes of participating in discovery aimed at identifying the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

John Doe. Once the Sheriff has entered his appearance, the Court will provide further instructions and deadlines for identifying the John Doe.

### Disposition

For the reasons stated above, Count 1 shall proceed against Jill Moore, John Doe Physician Assistant, and Brian Bennett. The Sheriff of Saline County (official capacity only) is also **ADDED** to the case to help identify the John Doe.

The Clerk of Court shall prepare for Defendants Jill Moore, Brian Bennett, and Sheriff of Saline County (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Hale. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Hale, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated**

4

**in this Merit Review Order**. Because the Sheriff of Saline County is only in the case in his official capacity to help identify the John Doe, he need not file an Answer. Once he has entered his appearance, a scheduling order will be entered providing instructions for identifying the John Doe.

If judgment is rendered against Hale, and the judgment includes the payment of costs under Section 1915, Hale will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Hale is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/17/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## **Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your amended complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**