IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANNON ZINN HALE,

                      Plaintiff,

v.                                Case No. 20-cv-686-NJR

BRIAN BENNETT, JILL MOORE,
JOHN DOE, and SHERIFF, SALINE
COUNTY,

                      Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management purposes. On March 26, 2021, Plaintiff Shannon Zinn Hale was ordered to show cause why his case should not be dismissed for failing to provide the Court with an updated mailing address (Doc. 51). He was directed to update his address or show cause why his case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). He was further reminded that failure to respond to the Order would result in a dismissal of his claims. Hale was given until April 9, 2021, to respond. He failed to respond.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or

saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732-33 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* (citing *Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000)).

Here, the Court finds that Hale has failed to prosecute his case. He was warned on numerous occasions of the consequences of failing to update his address (Docs. 6, 18, and 51). He failed to respond to Defendants' motion to dismiss for lack of prosecution (Doc. 50), as well as the Court's subsequent Order to show cause (Doc. 51). It appears that Hale no longer wishes to pursue his claims because he has failed to file anything in this case since his last notice of change of address on February 22, 2021 (Doc. 49).

Accordingly, the Court finds that Hale has failed to prosecute his claims. His entire case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is **DIRECTED** to close the case and enter judgment accordingly.

IT IS SO ORDERED.

DATED:   May 26, 2021

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**